*Weaver v. Boriskin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

Everette Weaver,

> *Plaintiff-Appellant*,

v.                                                                No. 17-3413

Sara Z. Boriskin, Esq., Gena Goldberger, Esq., CitiMortgage, Inc., Kim Krakoviak, Patrick J. Hackett, Esq., Alexander Klestov, Scott B. Group, Esq., Brandon D. Lewis, Kathleen R. Fitzpatrick, Esq., Nina Khaimova,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Everette Weaver, *pro se*, Hopewell Junction, NY.

**FOR DEFENDANTS-APPELLEES:**   Joseph E. Macy, Daniel J. Evers, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (*for* Boriskin and Goldberger);

Jordan M. Smith, Akerman LLP, New York, NY (*for* CitiMortgage, Krakoviak, Group, Lewis, and Fitzpatrick);

Carlo Sciara, Hackett Law P.C., Garden City, NY (*for* Hackett and Klestov);

Jonathan M. Cohen, David A. Gallo & Associates LLP, Roslyn Heights, NY (*for* Khaimova).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Appellant Everette Weaver, *pro se*, sued CitiMortgage, Inc. and others for violations of the Fair Debt Collection Practices Act ("FDCPA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law. He alleged that CitiMortgage manufactured fraudulent documents to pursue a foreclosure action against him in 2009, engaged in false service, and made several motions in state court seeking a foreclosure judgment. The district court dismissed the complaint. Weaver appeals. He also moves to strike a supplemental appendix filed by Appellees Sara Boriskin and Gena Goldberger. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

As an initial matter, we deny Weaver's motion to strike Boriskin and Goldberger's supplemental appendix. The appellant is required to either consult with the appellee over which portions of the record should be included in the appendix or serve a designation of which parts he intends to include and include those portions the appellee additionally designates in a joint appendix. Fed. R. App. P. 30(b)(1). But an appellee may file a supplemental appendix when the appellant fails to file a joint appendix in compliance with Rule 30. 2d Cir. Local Rule 30.1(g). Weaver failed to file a joint appendix in compliance with Rule 30, and the items in the supplemental appendix Weaver objected to—exhibits from Boriskin and Goldberger's motion to dismiss—were filed in the district court.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).

The district court correctly dismissed Weaver's RICO claims. To establish a civil RICO violation, "a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (quoting *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 520 (2d Cir. 1994)). Even assuming that Weaver alleged sufficient facts to show that the defendants constituted an enterprise, he failed to allege that they engaged in a pattern of racketeering activity. The plaintiff must allege "at least two predicate acts" to show a pattern of activity. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997); *see also* 18 U.S.C. § 1961(5). But "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018). Weaver alleged

3

the defendants engaged in various fraudulent litigation activities related to the foreclosure action, including creating and recording a fraudulent assignment to show CitiMortgage's standing to foreclose on Weaver's property and filing a motion for summary judgment in the foreclosure. These acts are insufficient to show a RICO predicate act. *See id.* (holding that litigation activity related to a single lawsuit is insufficient to be a RICO act).

The district court also correctly dismissed Weaver's FDCPA claims that occurred prior to February 2015. Although the district court did not address the timeliness of Weaver's claims, we may affirm the district court's decision on this alternative ground. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). A plaintiff must bring a FDCPA action "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Two of the defendants (Boriskin and Goldberger) raised the statute of limitations as a defense. In any event, a court may raise it *sua sponte* when "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)). Here, Weaver alleged multiple FDCPA violations spanning from 2009 to 2016. He filed his original complaint in February 2016. Therefore, as to any of the violations he alleged dating prior to February 2015, the action is barred by the statute of limitations.

The remaining allegations are that the defendants maintained the fraudulent foreclosure action by filing an order to show cause, using connections to change the judge overseeing the

4

foreclosure, and filing and prosecuting a motion for summary judgment. The district court erred by dismissing these remaining allegations.

The district court reasoned that Weaver failed to allege facts showing a FDCPA violation because a mortgagee seeking foreclosure—an equitable proceeding in New York that does not permit the simultaneous collection of a money judgment—does not attempt to collect a debt within the meaning of the FDCPA. At the time the order was issued, however, the district court lacked the benefit of the guidance provided by this Court's recent decision in *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018), in which we concluded that a New York foreclosure proceeding constituted debt collection under the FDCPA because "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt." *Id.* at 83 (quoting *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013)). This is so, we concluded in *Cohen*, regardless of whether the mortgagee sought only the equitable remedy. *Id.* at 83–84. Based on *Cohen*'s holding that a mortgage foreclosure proceeding was a form of debt collection, we conclude that Weaver alleged sufficient facts to show that the defendants were engaged in debt collection activity within the meaning of the FDCPA. Accordingly, we vacate the district court's dismissal of these remaining FDCPA claims and remand them to allow the district court the opportunity to consider them in the first instance.

Because the district court declined to exercise supplemental jurisdiction over Weaver's remaining state law claims in light of the dismissal of his federal claims, the district court is free on remand to reconsider that aspect of its prior ruling. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). In so concluding, we express no opinion as to the proper resolution of Weaver's remaining FDCPA or state law claims.

5

We have considered all of Weaver's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** with regard to Weaver's RICO claims and the FDCPA claims occurring prior to February 2015. It is **VACATED AND REMANDED** with regard to Weaver's remaining FDCPA and state law claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court