18-750-cv
*Anthes v. Nelson, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand nineteen.

PRESENT:
BARRINGTON D. PARKER,
DENNY CHIN,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------x

LOUIS ANTHES,

*Plaintiff-Appellant,*

v.                                                                        18-750-cv

WILLIAM E. NELSON, NEW YORK
UNIVERSITY, NEW YORK UNIVERSITY
SCHOOL OF LAW,

*Defendants-Appellees.*

------------------------------------------x

FOR PLAINTIFF-APPELLANT:    Louis Anthes, *pro se*, Long Beach, California.

FOR DEFENDANTS-APPELLEES:    Susan Deegan Friedfel, Joseph J. DiPalma, Jackson Lewis P.C., White Plains, New York.


Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Louis Anthes, an attorney appearing *pro se*, sued defendants-appellees New York University ("NYU"), NYU School of Law, and NYU Professor William E. Nelson (collectively, "Defendants"), asserting nine federal and state law causes of action arising from his time as an NYU student almost two decades ago. In his amended complaint (the "Complaint"), Anthes alleges that Defendants are liable for his inability to sustain employment and pay back his student loans after graduation. The district court granted Defendants' motion to dismiss, reasoning that seven of Anthes's claims were untimely and that each claim failed to meet basic pleading requirements. The district court also denied Anthes's motions seeking to vacate its December 6, 2017 order and for joinder, change of venue, and judicial disqualification.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

**DISCUSSION**

Anthes challenges the district court's rulings as to: (1) his motion for judicial disqualification; (2) Defendants' motion to dismiss; (3) his motions for leave to amend his complaint and joinder; and (4) his motions for change of venue and to vacate the district court's December 6, 2017 order.

**(1)    Motion for Judicial Disqualification**

The district court denied Anthes's motion for judicial disqualification. "We review a judge's denial of a recusal motion for abuse of discretion." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Recusal is appropriate where "a reasonable person, knowing all the facts, would question the judge's impartiality." *Yousef*, 327 F.3d at 169 (internal quotation marks omitted).

Here, Anthes moved to disqualify the district judge for judicial bias, alleging six specific grounds. The district court correctly determined that Anthes's motion was meritless because adverse rulings, citations to applicable cases, and references to Anthes as plaintiff -- rather than "Doctor" -- do not demonstrate bias. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *LoCascio v. United States*, 473

3

F.3d 493, 497 (2d Cir. 2007) (finding no abuse of discretion where comment neither comes from an extrajudicial source nor shows a "high degree of favoritism or antagonism as to make fair judgment impossible" (internal quotation marks omitted)). Accordingly, we affirm the district court's decision for substantially the reasons stated in its February 28, 2018 opinion and order.[1]

**(2)** **Motion to Dismiss**

The district court granted Defendants' motion to dismiss. "We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013); *see also Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015) (reviewing application of statute of limitations at motion to dismiss stage *de novo*). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although allegations are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of

---

[1] For the first time on appeal, Anthes also alleges that the district judge should be recused because he may be biased against Anthes based on Anthes's sexual orientation. Anthes provides no evidence of such bias, and identifies no reason to question Judge Carter's impartiality. *Yousef*, 327 F.3d at 169.

4

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

Upon such review, we conclude that the district court properly granted Defendants' motion to dismiss. The district court correctly determined that each of Anthes's claims is either time barred or requires dismissal for failure to state a claim. We therefore affirm for substantially the reasons stated by the district court in its March 12, 2018 memorandum and order.

**(3)    Motions for Leave to Amend and Joinder**

The district court denied Anthes's motions for leave to amend his Complaint to join his spouse and loan service provider. We review a denial of motions for joinder and leave to amend for abuse of discretion. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 251 (2d Cir. 1986).

The district court did not abuse its discretion in denying these motions because "[l]eave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News*, 680 F.3d at 185 (internal citations omitted). First, Anthes's proposed second amended complaint fails to state a claim against Defendants on behalf of his

---

[2]    The district court properly noted that because Anthes is an attorney licensed in California, "he is not entitled to the special solicitude and latitude courts traditionally afford to *pro se* litigants." Appx. at 197 n.1; *see also Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

5

spouse. While Anthes argues that his spouse is part of the marital community, the two did not marry until long after Anthes's claims against Defendants arose. Second, Anthes fails to state a cognizable claim on behalf of his spouse against the loan service provider; the proposed amendment only states that the provider continues to seek payment from Anthes. Lastly, Anthes's proposed amendments fail to cure any of the Complaint's deficiencies. Accordingly, these motions were properly denied as futile.

**(4)   Motions to Vacate and for Change of Venue**

Because the district court properly dismissed Anthes's complaint, Anthes's motions to vacate and for a change of venue are moot.

\* \* \*

We have considered Anthes's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court