16-2944 (L)
*Kim v. Kimm*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2017

(Submitted: October 23, 2017    Decided:  February 27, 2018)

Docket Nos. 16-2944, 16-3115

———————————————

DANIEL KIM,
*Plaintiff-Appellant-Cross-Appellee*,

v.

MICHAEL S. KIMM D/B/A KIMM LAW FIRM, MICHAEL-HYUN W. LEE, HYUNG SUK CHOI A/K/A STEPHEN CHOI, CHUL HO PARK A/K/A/ CHARLIE PARK, JIN YOUNG CHUNG A/K/A JAMIE CHUNG, CHARLIE AND YOU, INC. D/B/A SIK GAEK, SWAN U.S.A., INC. D/B/A SIK GAEK,
*Defendants-Appellees-Cross-Appellants*,

MICHAEL-HYUN W. LEE,
*Defendant-Appellee*,

HYUNG SUK CHOI, AKA STEPHEN CHOI,
*Defendant*.

———————————————

Before:        JACOBS, SACK, AND PARKER, *Circuit Judges*.

Plaintiff-Appellant Daniel Kim appeals from a judgment entered in favor of Defendants-Appellees Michael S. Kimm, Michael-Hyun W. Lee, Hyung Suk Choi, Chul Ho Park, Charlie Park, Jin Young Chung, Charlie and You, Inc., and

Swan U.S.A., Inc., by the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*). Kim alleges that the defendants were members of two enterprises that conspired to sue him for, *inter alia*, trademark infringement, and brings claims against them pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* In two opinions, the district court granted the defendants' motion to dismiss, denied the plaintiff's motions to disqualify the defendants' counsel and for leave to amend his amended complaint, and denied the defendants' motion for sanctions. We agree with the district court's resolution of these motions. Accordingly, the judgment of the district court is

AFFIRMED.

DANIEL KIM, Haworth, NJ, *Plaintiff-Appellant-Cross-Appellee*, pro se.

MICHAEL S. KIMM, ADAM GARCIA, Kimm Law Firm, Englewood Cliffs, NJ, *for Defendants-Appellees-Cross-Appellants*.

SACK, *Circuit Judge*:

The plaintiff Daniel Kim brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, alleging that the defendants engaged in a scheme to fraudulently bring suit

against him for, *inter alia*, trademark infringement. The defendants moved to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that their prior acts, as part of litigation they brought against the plaintiff, do not constitute predicate acts for purposes of RICO. Kim subsequently moved to disqualify defendant Michael S. Kimm as counsel for the defendants and sought leave to further amend his amended complaint.

The United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*) dismissed Kim's action for failure to state a claim, agreeing with the defendants that Kim could not sustain a RICO action based on the defendants' prior litigation activities. The district court also denied Kim's motion for leave to amend and to disqualify Kimm as counsel for the defendants. The defendants then moved for sanctions pursuant to Federal Rules of Civil Procedure Rule 11. The district court denied the motion.

Kim, now proceeding *pro se*, appeals the district court's judgment dismissing his action and the district court's denial of his motions for leave to amend and to disqualify Kimm. Kimm and his co-defendants cross-appeal, challenging the district court's denial of sanctions against Kim. We agree with the district court that the alleged litigation activities do not constitute RICO

predicate acts.  We also conclude that the district court did not abuse its discretion in denying Kim leave to amend, Kim's motion to disqualify, and the defendants' motion for sanctions.  The judgment of the district court is therefore affirmed.

## BACKGROUND

**I.** **The *Sik Gaek I* Lawsuit**

The instant action arises from an earlier litigation, *Sik Gaek, Inc. v. Yogi's II, Inc., et al.*, No. 10-CV-4077 (ARR) (E.D.N.Y. 2010) ("*Sik Gaek I*"), which was filed in the United States District Court for the Eastern District of New York on September 7, 2010.  In *Sik Gaek I*, Sik Gaek, Inc., the owner and operator of a restaurant, sued Daniel Kim and the restaurant Kim owned, Yogi's II, Inc., over the use of a trademark that Sik Gaek, Inc. allegedly owned.  Sik Gaek, Inc. alleged that Kim and Yogi's II, Inc. had failed to pay a $2 million fee pursuant to a trademark license agreement and that, "in a sinister scheme," Kim had attempted to circumvent the license and register the trademark himself. Appellant App'x at 48–52. Sik Gaek, Inc. brought claims against Kim and Yogi's II, Inc. for, *inter alia*, breach of contract, fraudulent trademark registration, and trademark infringement.  The district court granted summary judgment in favor

of the defendant Kim on August 14, 2014.  *Sik Gaek, Inc. v. Yogi's II, Inc.*, 2014 WL 4063403, 2014 U.S. Dist. LEXIS 113165 (E.D.N.Y. Aug. 14, 2014)**.**  On August 21, 2014, the remaining claims against the defendant Yogi's II, Inc. were dismissed by agreement of the parties.

## II.    District Court Proceedings

On August 15, 2015, Daniel Kim, a lawyer and a defendant in *Sik Gaek I*, filed the instant action, bringing claims against parties in the *Sik Gaek I* lawsuit: the owner of Sik Gaek, Inc., his wife and business partner, their two attorneys, and an accountant.  In his amended complaint, Kim alleges that the defendants were members of two criminal enterprises that conspired to sue him for trademark infringement and breach of contract in *Sik Gaek I*.  According to Kim, the *Sik Gaek I* lawsuit was nothing more than an "ill-conceived scheme or artifice" designed to "extort $2 million" from him.  Appellant App'x at 9.  Kim alleges that the defendants completed false paperwork to pose as the owners of a trademark, licensed the trademark to a third-party, and then sued Kim for violating the licensing agreement.  Kim claims that these false legal documents were intended to mislead the district court and therefore were predicate acts of obstruction of justice, mail fraud, and wire fraud that constituted a pattern of racketeering

activity. Kim also brought a RICO conspiracy claim, alleging that "the entire scheme or artifice could never have been set in motion without the express agreement, cooperation and coordination of each individual defendant and his assigned role." Appellant App'x at 40.

On September 11, 2015, the defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants argued that Kim had failed adequately to allege a pattern of racketeering activity, as required to state a RICO claim. The defendants raised other arguments supporting their motion to dismiss, based on, *inter alia*, the doctrines of collateral estoppel and res judicata. Kim subsequently moved to disqualify Kimm as counsel in this litigation and to bar him from participating in any defendant's defense other than his own. Kim also opposed the defendants' motion to dismiss and moved for leave to file a second amended complaint.

By unpublished opinion and order dated August 9, 2016, the district court granted the defendants' motion to dismiss. Appellant App'x at 257–76. The court decided that Kim had failed to state a RICO claim because he had not alleged predicate acts constituting a pattern of racketeering activity. The court found that most of the alleged predicate acts concerned litigation activity in *Sik*

*Gaek I*—specifically, the preparing, signing, and filing of declarations by Chul Ho Park, Michael Kimm, and Hyung Suk Choi, all of whom are defendants in the instant action—and reasoned that "[w]ell-established precedent and sound public policy preclude such litigation activities from forming the basis for predicate acts under [RICO]." Dist. Ct. Op. at 8, Appellant App'x at 264. The district court noted that Kim's amended complaint also included pre-litigation activities alleged as predicate acts, but found these allegations deficient as a matter of law.

In its August 9, 2016, opinion and order, the district court also denied Kim's motion to disqualify Kimm as counsel, concluding that the motion was rendered moot by the district court's dismissal of Kim's amended complaint. Finally, the district court denied Kim leave to amend his complaint, reasoning that amendment would be futile because the proposed amendments only added additional litigation activities by the defendants which, as such, were insufficient to form the basis for a RICO predicate act.

The defendants then moved for sanctions against Kim, arguing that his lawsuit was meritless and seeking to recover fees expended in defending the *Sik Gaek I* litigation. The district court denied the motion and in an unpublished

opinion and order dated August 12, 2016, concluded that Kim's claims were neither legally nor factually frivolous. The district court reasoned that although it had joined the majority of courts in concluding that litigation activity could not be predicate acts under RICO, at least some courts held differently and sanctions were therefore inappropriate.

Kim timely appealed to this Court from the district court's dismissal of his action and denial of his motions for leave to amend his complaint and to disqualify Kimm. The defendants timely cross-appealed from the district court's denial of their motion for sanctions.

## DISCUSSION

### I.    Failure to State a RICO Claim

The first issue in this appeal is whether the district court erred in granting the defendants' motion to dismiss pursuant to Rule 12(b)(6). Kim challenges the district court's holding that the defendants' alleged litigation activities did not constitute predicate acts for purposes of RICO.[1]

---

[1] Kim does not raise any arguments regarding the district court's holding that the alleged pre-litigation activities failed to state a RICO claim. We therefore conclude that Kim has waived any such argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).

### A.    RICO

Section 1964(c) of RICO, 18 U.S.C. §§ 1961–1968, provides a private right of action to any person injured in its business or property by reason of a violation of the activities prohibited by section 1962.  "To establish a RICO claim, a plaintiff must show: (1) a violation of . . . 18 U.S.C. § 1692; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001)).  This appeal implicates the first of these requirements, viz., whether the plaintiff has adequately alleged a violation of section 1962.  To establish such a violation, a plaintiff must show "(1) conduct

(2) of an enterprise (3) through a pattern (4) of racketeering activity."  *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

Here, the defendants argue—and the district court held—that Kim failed adequately to allege a pattern of racketeering activity.  "Racketeering activity" is defined to include any "act" indictable under various specified federal statutes, including the mail and wire fraud statutes and the obstruction of justice statute.  *See* 18 U.S.C. § 1961(1) (defining "racketeering activity" to include offenses indictable under 18 U.S.C. §§ 1341 (relating to mail fraud), 1343 (relating to wire fraud), and 1503 (relating to obstruction of justice)).  A "pattern of racketeering activity" is defined by the statute as "at least two acts of racketeering activity" within a ten‑year period.  18 U.S.C. § 1691(5).

### B.    Litigation Activity as RICO Predicate Acts

Here, Kim purports to allege various predicate acts of mail fraud, wire fraud, and obstruction of justice allegedly committed by the defendants.  Most of the alleged predicate acts concern actions purportedly taken by the defendants during the *Sik Gaek I* litigation.  Specifically, Kim alleges that the defendants committed obstruction of justice, mail fraud, and wire fraud by:

- Preparing, signing, and electronically filing a November 14, 2010, declaration sworn by defendant Chul Ho Park;

- Preparing, signing, and filing a December 21, 2010, declaration sworn to by defendant Park;

- Preparing, signing, and filing a February 13, 2012, declaration sworn by defendant Kimm; and

- Preparing, signing, and filing a March 14, 2014, declaration sworn by defendant Hyung Suk Choi.

Kim alleges that each of the four declarations were prepared, signed, and filed with full knowledge that they contained fraudulent representations intended to persuade the district court to find in favor of Sik Gaek, Inc. The district court concluded that these litigation activities could not provide a basis for predicate acts under Section 1962(c). It therefore dismissed Kim's complaint for failure to state a claim. We affirm for substantially the reasons set forth by the district court.

Although we have not spoken directly on the issue, other courts have held that "[i]n the absence of corruption," such litigation activity "cannot act as a

11

predicate offense for a civil-RICO claim." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087–88 (11th Cir. 2004) (deciding that the "alleged conspiracy to extort money through the filing of malicious lawsuits" were not predicate acts of extortion or mail fraud under RICO); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003) (deciding that meritless litigation is not a predicate act of extortion under RICO); *Gabovitch v. Shear*, 70 F.3d 1252 (table), 1995 WL 697319, at *2, 1995 U.S. App. LEXIS 32856, at *5 (1st Cir. 1995) (per curiam) (concluding that "proffering false affidavits and testimony to [a] state court" does not constitute a predicate act of extortion or mail fraud); *see also Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 171–72 (E.D.N.Y. 2010) (collecting cases from district courts in the Second Circuit deciding "that the litigation activities alleged in [the complaint before the court] cannot properly form the basis for RICO predicate acts"). We agree with the reasoning of these opinions and conclude that allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act.

As the district court explained, there are compelling policy arguments supporting this rule. First, "[i]f litigation activity were adequate to state a claim

under RICO, every unsuccessful lawsuit could spawn a retaliatory action," which "would inundate the federal courts with procedurally complex RICO pleadings." Dist. Ct. Op. at 10–11, Appellant App'x at 266–67; *see also* Nora F. Engstrom, *Retaliatory RICO and the Puzzle of Fraudulent Claiming*, 115 MICH. L. REV. 639, 696 (2017) (permitting RICO suits based on prior litigation activities would "engender wasteful satellite litigation"). Furthermore, "permitting such claims would erode the principles undergirding the doctrines of res judicata and collateral estoppel, as such claims frequently call into question the validity of documents presented in the underlying litigation as well as the judicial decisions that relied upon them." Dist. Ct. Op. at 11, Appellant App'x at 267; *see also Gabovitch*, 1995 WL 697319, at *3, 1995 U.S. App. LEXIS 32856, at *7-8 ("In essence, simply by alleging that defendants' litigation stance in the state court case was 'fraudulent,' plaintiff is insisting upon a right to relitigate that entire case in federal court . . . . The RICO statute obviously was not meant to endorse any such occurrence."). Moreover, endorsing this interpretation of RICO "would chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts" because "any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic

RICO liability." Dist. Ct. Op. at 11, Appellant App'x at 267 (quoting *Curtis & Assocs.*, 758 F. Supp. 2d at 173); *see also Engel v. CBS, Inc.*, 182 F.3d 124, 129 (2d Cir. 1999) (noting the "strong public policy of open access to the courts for all parties and [the need] to avoid ad infinitum [litigation] with each party claiming that the opponent's previous action was malicious and meritless" (internal quotation marks and citations omitted) (second brackets in original)).

Kim relies on *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70 (2d Cir. 2015) to argue that this Court "has recognized RICO claims against attorneys . . . for obtaining default judgments under false pretenses set forth in sham affidavits of services." Appellant Br. at 16. Kim's reliance on this case is misplaced. As a preliminary matter, it seems likely that Kim meant to cite a district court opinion in that case, *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 418 (S.D.N.Y. 2010), instead. There, the district court denied the defendants' motion to dismiss the plaintiffs' section 1962(c) claims, observing that the plaintiffs pleaded a pattern of racketeering activity that included "at least twenty allegedly fraudulent statements and eighteen acts involving use of the mail and wires over three years, in furtherance of the alleged fraud." *Id.* at 425. Our 2015 opinion cited by Kim addressed whether the district court abused its discretion by

14

certifying class actions; we did not review the district court's denial of the defendants' motion to dismiss. *See Sykes*, 780 F.3d at 79–80.

The district court opinion, even were it binding on us—which, unlike this Court's subsequent decision, of course, it is not—is also distinguishable from the case at bar. The plaintiffs in *Sykes* alleged that the defendants engaged in a "massive scheme," in which a debt-buying company, a law firm, a process-serving company, and others conspired with one another by buying consumer debt, initiating actions against the debtors and improperly serving them, and then filing fraudulent documents in state court to obtain default judgments. *Id.* at 418–20. Accordingly, even though those defendants used litigation to carry out their scheme, they also engaged in a variety of other out-of-court actions to further this activity. In the case at bar, by contrast, the entire alleged scheme involved the creation of fraudulent court documents.

We decline to reach the issue of whether all RICO actions based on litigation activity are categorically meritless. We conclude only that where, as here, a plaintiff alleges that a defendant engaged in a single frivolous, fraudulent, or baseless lawsuit, such litigation activity alone cannot constitute a viable RICO predicate act. We therefore agree with the district court's thorough and well-

reasoned analysis to that effect and affirm its dismissal of Kim's amended complaint.

## II. Leave to Amend the Complaint

Kim contends that the district court also erred by denying him leave to file a second amended complaint. We review the district court's denial of leave to amend for abuse of discretion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* Here, Kim's proposed second amended complaint only added more litigation-related predicate acts, such as allegations pertaining to deposition testimony, declarations, and court filings that he contends were fraudulent. These proposed amendments do not change the nature of the alleged predicate acts—litigation activities—which for the reasons discussed above, are deficient as a matter of law. Therefore, because the proposed amendments would have no

16

impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying Kim leave to amend. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile.").

### III.    Motion to Disqualify

Kim next argues that the district court erred by denying Kim's motion to disqualify Kimm as counsel for the defendants. We review the district court's failure to disqualify counsel for abuse of discretion. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Kim contends that the district court should have disqualified Kimm under the "advocate-witness" rule. "The advocate-witness rule applies, first and foremost, where the attorney representing the client *before a jury* seeks to serve as a fact witness *in that very proceeding*." *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282 (2d Cir. 2004) (first emphasis added; second emphasis in the original). Here, the district court decided that Kim's motion to disqualify was moot because it had already dismissed Kim's amended complaint with prejudice. This was not an abuse of discretion. After the district court dismissed Kim's

amended complaint, there was no likelihood that Kimm would testify as a fact witness before a jury. Therefore, the district court properly dismissed Kim's disqualification motion as moot.

### IV.    Motion for Sanctions

The defendants argue that the district court erred in denying their motion for sanctions against Kim, which they sought pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.[2] Rule 11 requires the "attorney or unrepresented party" filing litigation documents to certify that the documents:

> (1) [are] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b). 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

---

[2] Although 28 U.S.C. § 1927 only reaches attorneys, the provision was potentially applicable because Kim was represented by counsel before the district court, only proceeding *pro se* in this appeal. Insofar as Kim himself had undertaken conduct violating § 1927, he also could have been sanctioned under that provision because he is in fact a lawyer, and we have held that § 1927 reaches litigants proceeding *pro se* who are lawyers. *See Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992).

18

attorneys' fees reasonably incurred because of such conduct." To impose sanctions under this provision, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). We review the district court's denial of sanctions for abuse of discretion. *Perez v. Posse Comitatus*, 373 F.3d 321, 325–26 (2d Cir. 2004).

The defendants argue that sanctions were appropriate because Kim's claims were legally and factually frivolous. We conclude, however, that although Kim's amended complaint ultimately failed to state a RICO claim, his claims were not so obviously foreclosed by precedent as to make them legally indefensible. At the time Kim filed this suit, there was no binding precedent in this Circuit as to whether litigation activities could serve as predicate acts for purposes of RICO. Indeed, some courts had endorsed the viability of some such claims. *See Sykes*, 757 F. Supp. 2d at 425–26. Therefore, Kim's claims "were not foreclosed a priori by binding precedent even if they were unlikely to succeed" and Kim's position "was not unsupported by case law even though the cases he

19

cited were not binding on the court adjudicating his claims." *Fishoff v. Coty Inc.*, 634 F.3d 647, 655 (2d Cir. 2011).

The defendants assert that sanctions are also appropriate because Kim's claims are barred by the doctrines of collateral estoppel and res judicata, rendering Kim's lawsuit frivolous. However, the defendants raise this issue only in a cursory manner, without advancing any substantive arguments to support their claim that Kim's lawsuit is precluded by earlier litigation. We therefore conclude that the defendants have waived this argument. *See Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("[A]ppellants must include in their briefs their 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.' Issues not sufficiently argued will be deemed waived and ineligible for appellate review." (quoting Fed. R. App. P. 28(a)(9)(A))).

For these reasons, we conclude that the district court did not abuse its discretion in denying the defendants' motion for sanctions.

# CONCLUSION

We have considered the parties' remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, we AFFIRM the judgment of the district court.