Perry v. Mary Ann Liebert, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> MARGO K. BRODIE,
> > *District Judge*.*

---

GUENEVERE PERRY,

> *Plaintiff-Appellant*,

v.                                                          18-2019

MARY ANN LIEBERT, INC. (MALI),

> *Defendant-Appellee*.

GEORGIA STATE UNIVERSITY RESEARCH FOUNDATION,
GEORGE PIERCE

> *Defendants*.

---

* Judge Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Plaintiff-Appellant:                    Guenevere Perry, *pro se*, Port Orange, Florida

For Defendant-Appellee:                   Philip M. Halpern, Scott M. Salant, Collier, Halpern & Newberg, LLP, White Plains, New York.

Appeal from the judgments of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Guenevere Perry, *pro se*, appeals from the June 4, 2018 and June 14, 2018 decisions and orders of the District Court for the Southern District of New York dismissing her third amended complaint and denying her motion to amend her complaint respectively.[1] Perry's complaint asserts that Defendant-Appellee Mary Ann Liebert, Inc. ("MALI") published and disseminated an article authored by Dr. George Pierce (the "Pierce Article") that allegedly infringed Perry's copyright in her Dissertation Defense Manuscript (the "Dissertation").

"We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotations omitted). Perry's *pro se* complaint is "entitled to special solitude" by reading the "pleadings to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d. Cir. 2015). "At the same time, a *pro se* complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). We review a district court's decision to permit or deny leave to amend for abuse of discretion, but we review the denial of leave to amend based on

---

[1] Perry filed her second amended complaint as her third amended complaint, and thus the Court will refer to it as such.

2

futility *de novo. Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*     *     *

The Copyright Act invests copyright holders with several exclusive rights with respect to their copyrighted works, including the rights "to reproduce the copyrighted work in copies . . . ; to prepare derivative works based on the copyrighted work; . . . [and] to display the copyrighted work publicly." 17 U.S.C. § 106. "In order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). A district court may grant a motion to dismiss a copyright infringement claim if it "determines that the two works are not substantially similar as a matter of law, [and it] can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief." *Id.* at 64 (internal quotation marks and citations omitted).

Perry's complaint, liberally read, alleges that a diagram in the Pierce Article is substantially similar to multiple diagrams presented in her Dissertation. "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Id.* at 66 (internal quotation marks omitted). Additionally, when faced with works that have both protectible and unprotectible elements we apply a "more discerning" analysis, and must "ask

3

whether the protectible elements, standing alone, are substantially similar." *Id.* (internal quotation marks and citation omitted). It is well established that copyright protects only "the expression of ideas, not the ideas themselves." *Id.* at 67. Here, the "protectible elements" of Perry's diagrams are the aesthetic portions, *i.e.*, the arrangement of the diagrams, the shapes, and the colors, not the actual scientific information being conveyed. *See CCC Info. Servs., Inc. v. Maclean Hunter Mkt. Reports, Inc.*, 44 F.3d 61, 71 n.22 (2d Cir. 1994) (noting that copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery" (internal quotation marks omitted)).[2]

With this standard in mind, we agree with the District Court that the diagram contained within the Pierce Article is not substantially similar to Perry's Dissertation diagrams. Elements of the Pierce diagram contain aspects that differentiate it from those in Perry's Dissertation. For example, the diagrams differ as to color, arrangement, shape, labeling, and number of their respective elements. Indeed, many of the similarities between the diagrams in Perry's Dissertation and that within the Pierce Article are features of all diagrams generally. *See Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 106 (2d Cir. 2014) (noting that a plaintiff cannot "claim copyright" in binding "conventions" of a type of design). Upon reviewing the two works, we agree that "no reasonable jury, properly instructed, could find" that the diagrams are "substantially similar." *Peter F. Gaito*, 602 F.3d at 63-64.

Perry also argues that the Pierce article is a compilation work that simply combines her diagrams into a single figure. But given that the Pierce diagram's actual expression, *i.e.*, its

---

[2]  To the extent that Perry argues that the district court erroneously ruled that her diagrams were not entitled to protection, we note that the district court did not conclude that Perry's diagrams could not be protected. Rather, it concluded that the underlying scientific principles conveyed by the diagrams are not protectible.

arrangement, colors, and shapes, are not substantially similar to Perry's figures, she has failed to state a claim of infringement on this basis. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349 (1991) ("[A] subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement."). Finally, to the extent that Perry appeals the district court's dismissal of her Lanham Act claim, we affirm the district court's dismissal of that claim for the reasons already discussed above. *See Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 918 (2d Cir. 1980) ("[T]he absence of substantial similarity leaves little basis for asserting a likelihood of consumer confusion.").

Perry also appeals the district court's refusal to grant her leave to amend her complaint. "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). A *pro se* complaint is to be read liberally, but "[i]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). The district court did not err in denying Perry leave to amend her complaint on futility grounds. Perry's already twice amended complaint, "liberally read," does not suggest that the plaintiff "has a claim that she has inadequately or inartfully pleaded" and that she should therefore be given a chance to reframe her claim. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, Perry "has not offered any pleading that would cure the deficiencies in the extant complaint. Without such a showing, we can only conclude that repleading would be futile." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007).

We have considered Perry's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk