24-558-cv(L)
*Laba v. JBO Worldwide Supply Pty Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

REMI LABA,

> *Plaintiff-Appellant-Cross-Appellee*,

v.                                                            24-558-cv(L),
                                                              24-561-cv(XAP)

JBO WORLDWIDE SUPPLY PTY LTD,

_____

FOR PLAINTIFF-APPELLANT CROSS-APPELLEE:

KEVIN MURPHY, Wuersch & Gering LLP, New York, NY (Kenneth S. Sussmane, McCue Sussmane Zapfel & Cohen P.C., New York, NY, *on the brief*).

FOR DEFENDANT-APPELLEE-CROSS-APPELLANT:

JONATHAN E. MOSKIN, (Quinn N. D'Isa, *on the brief*), Foley & Lardner LLP, New York, NY.

Appeal from a February 12, 2024 judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*; Katharine H. Parker, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Remi Laba ("Laba") and Defendant-Appellee-Cross-Appellant JBO Worldwide Supply Pty Ltd ("JBO") each appeal the district court's order exercising its inherent authority to grant JBO's motion for sanctions against Laba and his counsel in the amount of $191,364 of JBO's attorneys' fees and costs.

Laba and JBO each challenge the district court's finding, adopted from the

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

magistrate judge's report and recommendation, that Laba and his counsel committed fraud on the court by submitting multiple declarations falsely asserting that a purported finder's fee agreement between the parties had been signed by JBO's managing director, and by failing to correct those misrepresentations after the forgery became apparent. Laba argues that the magistrate judge, and, by extension, the district judge, relied on the wrong legal standard, erred in assessing the evidence, failed to make a bad faith finding, and denied Laba's counsel adequate notice of his potential liability. On cross appeal, JBO contends that the district court should have imposed sanctions pursuant to Rule 11 and 28 U.S.C. § 1927, and awarded attorneys' fees and costs to cover the entire litigation. Both challenges are unavailing.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

We review for abuse of discretion "all aspects" of a district court's imposition of sanctions. *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 141 (2d Cir. 2000); *see also Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (applying abuse of discretion standard to a denial of sanctions). A court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that

3

cannot be located within the range of permissible decisions." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (internal quotation marks omitted). Further, we review for clear error any of the district court's underlying findings of fact. *See Mackler Prods.*, 225 F.3d at 141.

When a district court invokes its inherent power to impose a sanction of attorneys' fees for actions taken by an attorney on behalf of a client, "the district court must make an explicit finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). That requirement applies whether the sanction is premised on a lawyer's representational or non-representational conduct. *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023). "Bad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (internal quotation marks omitted). In such circumstances, "even a single bad-faith filing" may be sanctionable. *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 369 (2d Cir. 2021).

Here, after receiving notice of the sanctions motion and an opportunity to be heard at an evidentiary hearing, Laba failed to attend the hearing, and his counsel appeared on Laba's behalf but did not testify. After the hearing the magistrate judge found, by clear and convincing evidence, that the managing director's signature on the purported

finder's fee agreement had been forged. The magistrate judge further concluded that "Laba and his counsel acted in bad faith" because they "knew that the signature was fraudulent and fabricated" and yet failed to correct the contrary misrepresentations in Laba's declarations. App'x 1371, 1376. In a detailed and thorough report, the magistrate judge set forth the underlying facts and evidence supporting her conclusions, including testimony from JBO's expert[1], evaluation of metadata, comparison of relevant documents in evidence, assessment of the witnesses' credibility, and common knowledge of basic computer functions such as Outlook.

## I.    Laba's Challenge to the Sanctions Order

Laba and his counsel's various challenges to the imposition of sanctions are unavailing. Evidence that Laba himself fabricated the signature was not necessary to support the magistrate judge's finding that Laba and his counsel knew of the fabrication in committing a fraud on the court. The magistrate judge found that the fabricated signature "was obvious at least by December 15, 2021, when JBO filed its discovery sanctions motion and Laba could no longer state that emails would show the contract was authentic." App'x 1376. Laba's subsequent submission of "false declarations and testimony that he received the Agreement from JBO," and the failure of either Laba or

---

[1] In addition to not appearing at the hearing to testify or otherwise defend his conduct, Laba did not offer any additional testimony from his computer expert to rebut JBO's expert.

counsel to "correct[] the record or withdr[a]w the false statements," led the magistrate judge, and then the district judge, "to the inescapable conclusion that a fraud has been committed on the Court." *Id.* at 1375–76. This finding that Laba and counsel both acted in bad faith is not clearly erroneous and is sufficient to justify the imposition of sanctions. *See Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (noting inherent power to sanction "is not restricted to cases where the action is *filed* in bad faith," and sanctions "may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons" (emphasis added)).

As for the magistrate judge's reference to her own experience, she did so only where the subject matter consisted of generalized knowledge that was sufficiently indisputable to support her factual findings. Because factfinders are permitted to rely on common sense and personal experience when drawing inferences about evidence, we identify no error. *See United States v. Huezo*, 546 F.3d 174, 182 (2d Cir. 2008).

## II.    JBO's Challenge to the Sanctions Order

JBO's challenge seeking to increase the scope of the district court's sanctions award is similarly unavailing.[2] We review a district court's decision on whether to impose sanctions under its inherent power for abuse of discretion, and "[c]aselaw and the

---

[2] Because we uphold the district court's award of sanctions under its inherent power, we need not reach its alternate rulings regarding sanctions under Rule 11 and 28 U.S.C. § 1927. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (per curiam).

purpose of courts' inherent power confirm that our review is highly deferential." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). In the magistrate judge's well-considered report and recommendation, she determined that sanctions should be imposed "in the form of JBO's attorneys' fees associated with briefing the present sanctions motions, fees associated with preparing for Laba's deposition, and costs associated with Laba's deposition and JBO's expert reports and testimony." App'x 1386–87. The scope of the sanctions was a matter committed to the discretion of the district court, and we identify no abuse in its award.

* * *

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court