24-1788-cv(L)
*Stevenson v. Thornburgh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-six.

Present:
>GUIDO CALABRESI,
>REENA RAGGI,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

GREGORY A. STEVENSON, APPELLANT NICOLE LAWTONE-BOWLES AS A SHAREHOLDER OF CREDIT SUISSE GROUP AG AND ON BEHALF OF CREDIT SUISSE GROUP AG SHAREHOLDERS,

>*Plaintiffs-Appellants*

>v.                                                      24-1788, 24-1794

RICHARD E. THORNBURGH, BRADLEY W. DOUGAN, JOHN G. POPP, BRIAN CHIN, JAY KIM, MIRKO BIANCHI, JOHN TINER, SEVERIN SCHWAN, IRIS BOHNET, LYDIE HUDSON, KAIKHUSHRU S. NARGOLWALA, SERAINA MACIA, JOAQUIN J. RIBEIRO, MICHAEL KLEIN, NOREEN DOYLE, JAMES L. AMINE, ERIC VARVEL, DAVID L. MILLER, DAVID R. MATHERS, LARA J. WARNER, TIMOTHY P. O'HARA, ROBERT S. SHAFIR, PAMELA A. THOMAS-GRAHAM, SEAN T. BRADY, ROBERT JAIN, PHILIP VASAN, CREDIT SUISSE HOLDINGS (USA) INC., CREDIT SUISSE SECURITIES (USA) LLC, CREDIT

SUISSE CAPITAL LLC, CREDIT SUISSE
MANAGEMENT LLC, KPMG LLP, PAUL KNOPP,
WILLIAM THOMAS, LARRY BRADLEY, LAURA M.
NEWINSKI, JOHN B. VEIHMEYER, BRIAN J. SWEET,
DAVID BRITT, SCOTT MARCELLO, DAVID
MIDDENDORF, THOMAS WHITTLE, CYNTHIA
HOLDER, JEFFERY WADA,

   *Defendants-Appellees,*

ALBERT SOHN, URS ROHNER, ROMEO CERUTTI,
KPMG LLC, REGINA H. MAYOR,

   *Defendants.*

---

FOR PLAINTIFFS-APPELLANTS:

ANDREW WOLINSKY (Francis A. Bottini, Jr., Michelle C. Lerach, Albert Y. Chang, *on the brief*), Bottini & Bottini, Inc., La Jolla, CA.

FOR DEFENDANTS-APPELLEES CREDIT SUISSE CAPITAL LLC, CREDIT SUISSE HOLDINGS (USA) INC., CREDIT SUISSE MANAGEMENT LLC, CREDIT SUISSE SECURITIES (USA) LLC, JAMES L. AMINE, MIRKO BIANCHI, IRIS BOHNET, SEAN T. BRADY, BRIAN CHIN, BRADY W. DOUGAN, NOREEN DOYLE, LYDIE HUDSON, ROBERT JAIN, JAY KIM, MICHAEL KLEIN, SERAINA MACIA, DAVID R. MATHERS, DAVID L. MILLER, KAIKHUSHRU S. NARGOWALA, TIMOTHY P. O'HARA, JOHN G. POPP, JOAQUIN J. RIBEIRO, SEVERIN SCHWAN, ROBERT S. SHAFIR, PAMELA A. THOMAS-GRAHAM, RICHARD E. THORNBURGH, JOHN TINER, ERIC VARVEL, PHILIP VASAN, and LARA J. WARNER

JASON M. HALL (Herbert S. Washer, Edward N. Moss, Tammy L. Roy, Nicholas N. Matuschak, Britney R. Foerter, *on the brief*), Cahill Gordon & Reindel LLP, New York, NY.

FOR DEFENDANTS-APPELLEES KPMG LLP, PAUL KNOPP, and LAURA M. NEWINSKI

JAMIE L. WINE (Jason C. Hegt, Cory A. Calabresi, *on the brief*), Latham & Watkins LLP, New York, NY; Stephen P. Barry, *on the brief*, Latham & Watkins LLP, Washington, D.C.

2

FOR DEFENDANT-APPELLEE JEFFERY WADA

NATASHA ERTZBISCHOFF, Jonathan Richman (Stephen R. Cook, *on the brief*), Brown Rudnick LLP, Irvine, CA.

FOR DEFENDANTS-APPELLEES DAVID MIDDENDORF, SCOTT MARCELLO, THOMAS METTLE, BRIAN J. SWEET, and CYNTHIA HOLDER

David L. Axelrod, *on the brief*, Ballard Spahr LLP, Philadelphia, PA.

FOR DEFENDANTS-APPELEES WILLIAM THOMAS, LARRY BRADLEY, and JOHN B. VEIHMEYER

Antonio Yanez, Jr., Pia Williams Keevil, *on the brief*, Willkie Farr & Gallagher LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 29, 2024 is **AFFIRMED**.

In this consolidated putative class action against United States-based subsidiaries of former Swiss bank Credit Suisse Group AG ("Credit Suisse"), 29 present and former Officers and Directors of Credit Suisse, Credit Suisse's alleged auditor KPMG LLP, and certain of KPMG's United States-based employees, plaintiffs, shareholders of Credit Suisse, allege that continuous and systemic mismanagement—the worst allegedly occurring in Credit Suisse's New York operations—caused the Swiss bank to collapse in 2023. They assert one claim against all defendants for breach of statutory duties to shareholders under multiple provisions of Swiss law and two claims against most defendants under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

The district court dismissed the RICO claims with prejudice. It dismissed the Swiss law claim on *forum non conveniens* grounds without prejudice to refiling in Switzerland. Plaintiffs

3

timely appeal only from the dismissal of the Swiss-law claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

"The decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused.*" *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (emphasis in original) (internal quotation marks omitted). In order to "guide the exercise" of this discretion, we have instructed district courts to follow a three-step process. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum," *id*., which "moves on a sliding scale depending on several relevant considerations," *Iragorri*, 274 F.3d at 71. At one end of the scale, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States," the more deference is warranted. *Id*. at 72. At the other end, circumstances indicative of "forum-shopping," such as "attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case," weigh against deference. *Id.* Next, a court properly considers "whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute." *Norex Petroleum Ltd.*, 416 F.3d at 153. "Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Id.*

Here, plaintiffs challenge the district court's determination that their choice of a New York forum was "not entitled to substantial deference." *Stevenson v. Thornburgh*, Nos. 23-cv-4458(CM), 23-cv-4813(CM), 2024 WL 645187, at *25 (S.D.N.Y. Feb. 14, 2024). In particular, plaintiffs fault the district court for relying on *Cattan v. Rohner*, 2023 N.Y. Slip Op. 31213, 2023

4

WL 2868337 (N.Y. Sup. Ct. Apr. 10, 2023), to infer that they had engaged in forum shopping, an error that they submit tainted the district court's further analysis of the adequacy of a Swiss forum and the balance of equities. We are not persuaded.

Well before observing that an inference of forum shopping might be drawn from the *forum non conveniens* dismissal of *Cattan v. Rohner*,[1] the district court identified the factors specified in *Norex* and *Iragorri*, including the plaintiff's or the lawsuit's bona fide connection to the chosen forum. Thus, it considered the plaintiffs' domiciles within the class action brought, plaintiffs' asserted considerations of cost and convenience, and the relationship of core operative facts to the plaintiffs' preferred forum, *see Stevenson v. Thornburgh*, 2024 WL 645187, at *25-26, and concluded therefrom not that plaintiffs' choice of forum warranted no deference, but that it did not warrant substantial deference, *see id.* at *27. The district court recognized that there was some nexus between the plaintiffs' Swiss law claim and their chosen New York forum, but reasonably concluded that the conduct at issue and dispute were "overwhelmingly Swiss" in nature. *Id.* (internal citation omitted). We identify no abuse of discretion in this reasoning.

Insofar as plaintiffs argue that Switzerland is presently not an adequate forum because litigating there would cause plaintiffs financial hardship and deprive them of the ability to bring a class-action suit and try their case to a jury, the district court correctly observed that such circumstances do not demonstrate the unavailability of the alternative forum. *See, e.g.*, *Aguinda v. Texaco, Inc.*, 303 F.3d 470, 478 (2d Cir. 2022) (holding forum's failure to recognize class actions does not "deprive the plaintiffs of an effective alternative forum"); *Murray v. British Broad. Corp.*, 81 F.3d 287, 292–93 (2d Cir. 1996) (holding that plaintiff's financial hardship is properly

---

[1] *Cattan v. Rohner* differed significantly from the instant action insofar as it was a shareholder derivative suit brought on behalf of Credit Suisse, a Swiss entity, rather than a direct suit brought on behalf of United States-based shareholders.

evaluated as convenience factor rather than availability of forum analysis); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 982 (2d Cir. 1993) ("[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate" (internal citations omitted)). Rather, such factors are more properly considered to affect convenience, balance of interests, or even the "tactical advantage" of one forum over another. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d at 155. Here, the district court evaluated the public and private interest considerations set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1946), without giving dispositive weight to any one factor, and acted within its discretion in concluding that the interests of justice favor litigation in Switzerland.

Finally, plaintiffs argue that the district court erred by denying leave to amend the complaint a second time. They are mistaken. The district court instructed the plaintiffs to file an amended complaint in anticipation of a *forum non conveniens* motion (which they did) and advised the plaintiffs that leave to amend the complaint a second time would not be granted. The plaintiffs did not seek further leave to amend in the district court, either before or after the *forum non conveniens* motion was determined.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal citation and quotation marks omitted). Here, where the plaintiffs were given one opportunity to amend and did not seek another, and where they have not identified any additional facts or legal theories they might assert if given leave to amend, we conclude that the district court did not abuse its discretion in denying such leave.

\* \* \*

6

We have considered the plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the May 29, 2024 judgment is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court