# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1845

CHRISTINE BIROS,
Appellant

v.

SHANNI SNYDER;
KASH SNYDER;
J. ALLEN ROTH;
GEORGE SNYDER

———————————————

On Appeal from the U.S. District Court, W.D. Pa.
Judge Robert J. Colville, No. 2:23-cv-00297

Before: PORTER, MONTGOMERY-REEVES, AND BOVE, *Circuit Judges*
Submitted: Apr. 8, 2026; Filed: Apr. 30, 2026

———————————————

NONPRECEDENTIAL OPINION

MONTGOMERY-REEVES, *Circuit Judge*.  This matter concerns the sufficiency of Christine

Biros's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims brought

against the alleged "Snyder Enterprise."  We recite only the facts necessary to resolve this

appeal.[1]

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331.  We exercise jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's decision to grant a motion to dismiss.  *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024) (citing *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).  We take all facts from Biros's amended complaint as true, drawing all reasonable inferences in her favor.

\*This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

Biros purchased property in western Pennsylvania (the "Property") from executors of four estates. Though Biros turned over the money to the executors, the executors did not return the Property deeds. They instead executed the deeds in favor of U Lock, Inc. ("U Lock"), a business incorporated by the Snyder Enterprise. The Snyder Enterprise ran U Lock as a storage facility on the Property, servicing both in- and out-of-state customers.

Frustrated with the cloud on the Property's title, Biros brought a quiet-title action against U Lock in Pennsylvania state court. That court ruled that Biros was the equitable owner of the Property and ordered U Lock to turn over the deeds. The Snyder Enterprise refused; instead, it launched two lawsuits to continue clouding the Property's title. In the first lawsuit, the Snyder Enterprise alleged that U Lock violated the Fair Labor Standards Act ("FLSA") by refusing to pay a member of the Snyder Enterprise. In the second lawsuit, a member of the Synder Enterprise filed an involuntary Chapter 11 bankruptcy petition against U Lock to collect on the FLSA judgment. In both lawsuits, according to Biros, members of the Snyder Enterprise filed false documents using the Internet.

In response to the Snyder Enterprise lawsuits, Biros filed this action alleging litigation-based RICO violations[2] and state-law claims. The District Court dismissed Biros's amended complaint. As relevant here, it concluded (1) that it lacked jurisdiction because Biros failed to allege sufficient interstate conduct, and (2) that Biros failed to allege

---

[2] To successfully plead a civil RICO claim under 18 U.S.C. §§ 1962(c), (d), a "plaintiff must allege (1) conduct; (2) of an enterprise; (3) through a pattern [of at least two acts]; (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)).

racketeering activity[3] because the Snyder Enterprise's Internet filings constituted intrastate wires. The District Court erred in both rulings.

First, Biros sufficiently alleged interstate commerce to satisfy RICO jurisdiction. To fall within civil RICO's reach, a plaintiff must allege that an enterprise "is engaged in" or has "activities of which affect" interstate commerce. 18 U.S.C. § 1962(c), (d). We have described this jurisdictional pleading requirement as "minimal." *Rose v. Bartle*, 871 F.2d 331, 357 (3d Cir. 1989). Here, Biros plausibly alleged that U Lock participated in the Snyder Enterprise's illicit activities and that U Lock did so while conducting business with out-of-state customers. Those allegations are sufficient for this minimal jurisdictional element. *See Shearin v. E.F. Hutton Grp.*, 885 F.2d 1162, 1165–66 (3d Cir. 1989) (holding that an enterprise-participating business engaged in any form of interstate commerce is enough to meet RICO's interstate-commerce requirement), *abrogated on other grounds by Beck v. Prupis*, 529 U.S. 494, 504–06 (2000).

Second, and relatedly, Biros sufficiently alleged that the Snyder Enterprise used interstate wires for her wire-fraud predicate act. To allege that predicate act, a plaintiff must allege, among other requirements, that a defendant transmitted fraudulent writings "by means of wire, radio, or television communication in interstate or foreign commerce." 18 U.S.C. § 1343. Biros alleged that the Snyder Enterprise filed at least two fraudulent

---

[3] RICO requires that a plaintiff adequately allege a "pattern of racketeering activity." 18 U.S.C. § 1962(c). "[A] racketeering activity" is "any act which is indictable" under RICO. *Burrell v. Staff*, 60 F.4th 25, 41 (3d Cir. 2023). And two alleged "acts" make a "pattern." 18 U.S.C. § 1961(5). These "acts" are "independent federal crimes" referred to as "predicate acts" for RICO purposes. *United States v. Jordan*, 96 F.4th 584, 592 (3d Cir. 2024).

documents using the Internet. We have reasoned that transmitting a file via the Internet is "tantamount to moving [the file] across state lines and thus constitutes transportation in interstate commerce." *See United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir. 2006); *accord United States v. O'Donovan*, 126 F.4th 17, 36 (1st Cir. 2025) ("[P]roof that the defendant transmitted . . . iMessages [intrastate] over the Internet was sufficient to satisfy the interstate-commerce element for . . . wire fraud.").[4] The District Court overlooked our precedent in dismissing Biros's amended complaint with prejudice. We remand for the District Court to consider anew whether Biros has sufficiently pleaded racketeering activity.[5]

For the foregoing reasons, the District Court's order is reversed and remanded for proceedings consistent with this opinion.

---

[4] Of course, we recognize that *MacEwan* did not arise in the RICO context. But the rationale applies here too. As we broadly deduced, "Congress has the power to regulate an instrumentality [or channel] of commerce even though [a] threat may come only from intrastate activities" or wrongful conduct that occurred "wholly intrastate." *MacEwan*, 445 F.3d at 246, 253.

[5] But we note that, on remand, the District Court should consider in the first instance several key issues raised here, including whether litigation activities alone can suffice as RICO predicate acts, *cf. Kim v. Kimm*, 884 F.3d 98, 103–05 (2d Cir. 2018); whether 18 U.S.C. § 152 can serve as a RICO predicate; and whether causing a delay in acquiring title to property can constitute a RICO injury.

4