18-2477
*Fisher v. Richmond*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BYRON RANDALL FISHER,

> *Plaintiff-Appellant*,

v.                                                          18-2477-cv

RICHMOND, THE AMERICAN
INTERNATIONAL UNIVERSITY IN
LONDON, INC.,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Byron Randall Fisher, *pro se*, Peekskill, New York.

FOR DEFENDANT-APPELLEE:        Samuel Feldman, Orloff, Lowenbach,
                              Stifelman & Siegel, P.A., Morristown, New
                              Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Byron Randall Fisher, proceeding *pro se*, appeals from a judgment entered August 20, 2018 in favor of defendant-appellee Richmond, The American International University in London, Inc. ("Richmond"), dismissing his complaint. By opinion and order dated August 20, 2018, the district court granted Richmond's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In his complaint in this diversity case, Fisher alleged that Richmond breached its contract with him by unfairly giving him a failing grade on his thesis, which prevented him from being awarded a Master of Arts degree. Instead, Richmond awarded Fisher a post-graduate certificate issued to students who receive a failing grade on their thesis or do not submit one but maintain a cumulative 3.0 grade point average. Fisher contended that Richmond breached its contract with him by (1) not adhering to the grading criteria set forth in the student handbook; (2) not recognizing his attempts to appeal his grade to the university president; and (3) not complying with

- 2 -

the handbook by not promptly awarding him his post-graduate certificate. Fisher also claimed that a contract was formed when Richmond mistakenly emailed him stating that he had earned a master's degree and sent him a transcript reflecting that he earned that degree.

In its summary judgment decision, the district court rejected Fisher's arguments and ruled that Richmond adhered to its obligations as set forth in the handbook. Moreover, the district court noted that Richmond's handbook and policies required a passing grade on a student's thesis to satisfy the master's degree requirements, and that the erroneous email and transcript could not have formed an independent contract in contradiction to Richmond's established rules and policies. On appeal, Fisher does not challenge any of the grounds for the district court's grant of summary judgment as to the breach of contract claims. Instead, Fisher's sole argument is that Richmond improperly submitted a corrected transcript to the district court and to the United States Department of Veteran Affairs ("VA"), in an administrative proceeding.

We review a district court's order granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such

submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).  Despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," the Court "normally will not[] decide issues that a party fails to raise in his . . . appellate brief."  *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that *pro se* litigant abandoned issue by failing to address it in his appellate brief).

The district court did not err in granting summary judgment here.  First, Fisher's brief on appeal entirely fails to address the bases for the district court's grant of summary judgment to Richmond on his breach of contract claim.  Consequently, he has abandoned any such challenges.  *See Barkley*, 147 F.3d at 209.

Second, Fisher's argument for sanctions and default judgment is without merit; the district court did not abuse its discretion in denying these requests. *See Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) ("We review the district court's denial of sanctions for abuse of discretion."). Fisher's appellate brief focuses on his contention that Richmond "illegally" submitted an "altered" version of his transcript to the VA and district court showing that he had received only the post-graduate certificate, and that Richmond did not submit the transcript (that he was mistakenly emailed) showing that he received a master's degree. Fisher argues that due to the submission of the "altered" transcript, the district court should have sanctioned Richmond and granted a default judgment in his favor. As the district court concluded below, however, Richmond later furnished a corrected transcript following the decision not to award Fisher a master's degree, and there is no indication that Richmond or its counsel acted in bad faith. *See S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010) (upholding imposition of default judgment as a sanction because there was evidence that sanctioned parties acted willfully and in bad faith); *cf. Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) ("[T]he sanction of dismissal should not be imposed under Rule 37 unless [the party's conduct] is due to willfulness, bad faith, or any fault of the [party]." (internal quotation marks omitted)). Thus, Fisher's arguments fail.

We have considered Fisher's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court