21-1964-pr
Lacen v. Aygemong

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Jose Lacen,

> *Plaintiff-Appellant,*

> v.

Clinic Captain Aygemong, R.P.A. Janet Runcie, C-76 Clinic, M.D. Achim Huggins, C-76 Clinic, P.A. David Onuora, M.D. Sai Kolla,                    21-1964

> *Defendants-Appellees,*


John Doe, Intake Unit EMTC, C76, Ian William Forster, NYC Law Department, General Litigation Division,

> *Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                    Jose Lacen, *pro se*, Attica, NY.

FOR DEFENDANTS-APPELLEES:            Eva L. Jerome, Devin Slack, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jose Lacen, incarcerated and proceeding *pro se*, sued multiple employees at the Eric M. Taylor Center on Rikers Island under 42 U.S.C. § 1983. He alleged that he was subject to unconstitutional conditions of confinement and inadequate medical care, arising out of the denial of a second mattress to help treat his chronic back pain. The district court granted the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, reasoning that Lacen failed to establish that the defendants acted with the requisite subjective intent for either claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a Rule 12(b)(6) dismissal *de novo*, construing Lacen's complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in his favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## I. Eighth Amendment Claims

To prevail on an Eighth Amendment claim based on either conditions of confinement or inadequate medical care, an incarcerated plaintiff must allege: (1) a "sufficiently serious" deprivation; and (2) that the defendant official acted with "a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted); *see also Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). A sufficiently culpable state of mind requires "deliberate indifference" to inmate health or safety, meaning that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Chance*, 143 F.3d at 702.

Even with the requisite liberal construction, Lacen did not plead facts suggesting that the defendants were aware that he would be substantially harmed by the denial of a second mattress or that the denial reflected deliberate indifference to his medical needs. Instead, the complaint shows that the defendants were responsive to his conditions and took a variety of reasonable steps to try to alleviate his pain. As his complaint details, when Lacen told defendants about the pain he was in because of his spinal surgery and ongoing back problems, Lacen was prescribed medication, underwent x-rays, was referred for physical therapy and to a neurologist, and was given extra blankets, a cane, and special shoes. While in certain instances, a medical professional may be deliberately indifferent if "he or she consciously chooses an easier and less efficacious

3

treatment plan," *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted), on the alleged facts we cannot reasonably infer that the defendants knew or should have been aware that the treatments they pursued were less efficacious or "easier" than providing an additional mattress, let alone that they acted with deliberate indifference to Lacen's health and well-being in denying his request. At most, Lacen has alleged negligence, which is insufficient to support an Eighth Amendment claim. *See id.* at 703.

## II. Municipal Liability

The district court found that Lacen had also not established a claim against the defendants in their official capacities because he failed to plead that an official policy or custom caused a violation of his constitutional rights, as required by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). However, Lacen did allege that he was harmed because of a policy prohibiting medical staff from issuing permits for extra mattresses. It is unclear whether the "policy" in question came from the facility or, instead, from the individual defendant who denied his request; after all, Lacen did receive an additional mattress after being transferred to another unit in the same facility. Regardless, because no underlying constitutional violation was adequately alleged, Lacen cannot establish a *Monell* claim in this situation. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

## III. Leave to Amend

The district court did not give Lacen leave to amend his complaint a third time. While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given, it is within the discretion of the district court to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Lacen was previously granted leave to amend, and the

4

new materials he alludes to in his brief to this Court would not overcome his pleading deficiencies, making any amendment futile. "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). In any event, having granted leave "at least once," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted), the district court acted within its discretion in not granting Lacen leave to amend a third time.

We have considered all of Lacen's remaining arguments and find them to without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5