**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1049
_____

EDITA APPLEBAUM,
                                                    Appellant

v.

WILLIAM P. FABIAN; FRANK RAJS; LEAH E. CAPECE; LAURENCE W. GOLD;
CECILIA KEH; THOMAS D'AMBROSIO; MAXINE MELNICK; MICHAEL
LACKEY; GERALD MACKO; DEREK SCHUMACHER; JIMMY SAMAYOA;
GARRETT APPLEBAUM; YOUSSEF ABDULAH YOUSSEF; VOYA FINANCIAL,
INC.; INTAC ACTUARIAL; JOHN DOES 1-10; ABC CORP 1-10.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cv-11023)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 18, 2022.

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: November 21, 2022)
_____

**OPINION**[*]
_____

**KRAUSE**, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Edita Applebaum appeals the District Court's dismissal of her claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, New Jersey's equivalent racketeering statute, N.J. Stat. Ann. § 2C:41-1 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, as well as her common law civil conspiracy claim. She also appeals the denial of her latest motion to amend her complaint to include a new claim under 17 C.F.R. § 240.10b-5 (Rule 10b-5) and a fraudulent-concealment claim, and to add two new defendants. For the reasons discussed below, we will affirm.[1]

I. **DISCUSSION**[2]

1. **Applebaum's New Jersey and Federal RICO Claims Are Time-Barred or Otherwise Insufficiently Pleaded.**

Applebaum asserts seven predicate violations under both RICO and New Jersey's equivalent statute. But as the District Court correctly concluded, six are time-barred and the seventh is insufficiently pleaded.

---

[1] Applebaum also brought state-law claims for common law fraud, defamation, violations of New Jersey's Conscientious Employee Protection Act, negligence, conversion, intentional infliction of emotional distress, and tortious interference with prospective economic advantage. As she does not contest their dismissal, however, these claims are waived. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182–83 (3d Cir. 1993).

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of Applebaum's complaint *de novo* and the denial of her motion to further amend the complaint for abuse of discretion. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 326 (3d Cir. 2022).

The statute of limitations for both federal and New Jersey civil RICO claims is four years from the date a plaintiff first "[knows] or should have known of their injury. . . . [and] the source of their [RICO] injury." *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 233 (3d Cir. 2004) (internal quotation marks omitted); *accord Lee v. Carabetta*, 2014 WL 4098012, at *8 (N.J. Super. Ct. App. Div. Aug. 21, 2014). Applebaum had knowledge of the factual bases underlying her first six alleged predicate violations by the time she included them in her state court complaint in March 2014, so Applebaum had until March 2018 to file her claim. Yet, she did not do so until June 2018, and she identifies no valid basis for tolling. Thus, Applebaum's first six RICO claims are time-barred. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009).

While timely, her seventh predicate offense—premised on Appellees' alleged misrepresentations throughout state court proceedings—fails to state a claim, as it is well established that fraudulent litigation activity "cannot act as a predicate offense for a civil-RICO claim." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016); *see also Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003).

## 2. Applebaum's ERISA Claim Is Barred by the Probate Exception.

Applebaum also seeks to reinstate her claim that Appellees' "misappropriation of funds" from her late husband's "Voya/ING 401K plan" (401(k) plan) into his estate

3

violated ERISA, App. 564,[3] which would require us to decide whether these proceeds were rightly part of that estate. But we cannot "endeavor[] to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008). And while Applebaum argues that she was the valid beneficiary of her husband's 401(k) plan and that its proceeds should have bypassed the probate system– *Culwick v. Wood*, 384 F. Supp. 3d 328, 341 (E.D.N.Y. 2019)–Applebaum's beneficiary designation, and thus her right to estate property, is precisely what is disputed here. *Bollenbach v. Haynes*, 2019 WL 1099704, at *4 n.2 (S.D.N.Y. Mar. 8, 2019). As a result, this claim falls squarely within the "probate exception" to our jurisdiction. *Three Keys Ltd.*, 540 F.3d at 227.

### 3. Applebaum Lacks Standing to Bring a Rule 10b-5 Securities Fraud Claim.

Applebaum next argues that Appellees violated Rule 10b-5 by making false statements before the probate court in support of their efforts to secure an in-cash distribution of Applebaum's shares of her late husband's company. Although Applebaum concedes she neither sold nor purchased a security here and thus lacks standing to seek monetary damages, *see, e.g.*, *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 485 (3d Cir. 1998), she contends she has standing to seek injunctive relief as a beneficial owner and "*de facto* seller" of the company's stock. Appellant's Br. 35.

---

[3] Applebaum's complaint also includes allegations that Appellees' "deferred compensation scheme" violated ERISA. App. 563. But she does not challenge the District Court's dismissal of that claim and thus waives it on appeal. *Kost,* 1 F.3d at 182.

Applebaum rests her argument on *Norris v. Wirtz*, in which the Seventh Circuit held that the beneficiary of a trust had standing to sue her trustees under Rule 10b-5 and 15 U.S.C. § 78j(b). 719 F.2d 256, 259–61 (7th Cir. 1983). But the *Norris* Court reached that conclusion because, in that case, "plaintiff's approval was required [for the sale of the at-issue security] under the will." *Id.* at 261. Here, by contrast, decedent's will explicitly enabled the executor to distribute Applebaum's shares in cash, and New Jersey law did not otherwise require her approval. *In re Est. of Hope*, 916 A.2d 469, 474 (N.J. Super. Ct. App. Div. 2007). Thus, Applebaum lacks standing to seek even injunctive relief.

**4.      Applebaum Cannot State a Claim for Fraudulent Concealment.**

According to Applebaum, the District Court also erred in dismissing her fraudulent concealment claim, which was based on Appellees' state court litigation activities and, in particular, the actions of Defendant Thomas Howard, counsel for the estate. But New Jersey law requires that a plaintiff be "damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed," *Rosenblit v. Zimmerman*, 766 A.2d 749, 758 (N.J. 2001), and Applebaum has not established that record. To the contrary, her complaint is replete with allegations demonstrating both personal knowledge and the probate court's awareness of the allegedly concealed information, so she cannot state a claim for fraudulent concealment.

For the same reason, the District Court correctly concluded that Applebaum's request to join Howard as an indispensable party under Federal Rule of Civil Procedure 19

5

should be denied.[4]  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (holding that leave to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted").

### 5. Applebaum Cannot State a Civil Conspiracy Claim.

Lastly, Applebaum appeals the District Court's dismissal of her civil conspiracy claim and denial of her motion to amend that claim. She alleged that Appellees conspired to (1) conceal information from the state court, and (2) "disinherit her" through the in-cash distribution of her share of her husband's company. Appellant's Br. 43–45. But as the District Court correctly observed, even if Appellees had conspired to achieve these objectives, Applebaum cannot plausibly allege that she has been damaged. Appellees' purported concealment is belied by Applebaum's knowledge of their supposedly concealed activities, as she attended various company meetings in which those activities were discussed and Appellees' push for an in-cash distribution was made pursuant to the executor's express authority under decedent's will.[5]

---

[4] Relatedly, Applebaum appeals the District Court's denial of her request to join Appellee William Fabian's alleged shell company, Morey La Rue, Inc. Appellant's Br. 46. Though she claims that Morey La Rue was "used [by Fabian] to launder his off-the-books financials" in connection with the sale of certain property of the estate, *id.*, Applebaum does not assert any independent claim against Morey La Rue and therefore could obtain complete relief for her various RICO and fraud claims without its joinder.

[5] To the extent Applebaum asserts that Appellees conspired to lie to the probate court about Applebaum's disruptive presence as a shareholder, she has failed to plausibly plead that claim. For example, she offers nothing but speculation for her allegations that various employee affidavits praising Appellees' management of the business and highlighting the disruptive nature of Applebaum's involvement were "frivolous," "outdated," and the product of collusion. Appellant's Br. 32, 45; App. 263, 581.

**II.     CONCLUSION**

For the foregoing reasons, we will affirm the District Court's dismissal of Applebaum's complaint with prejudice, as well as its denial of her motion to amend.