22-1261-cv
McDonald v. Molina

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-three.

PRESENT:   RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

GERALD MCDONALD,

*Plaintiff-Appellant*,

v.                                                                          No. 22-1261-cv

ADRIANA MOLINA, STAMFORD POLICE DEPT, JEANNIE CALCANO PEARE, SETH PEARE, GLADYS CALCANO,

*Defendants-Appellees*,

COURT SUPPORT SERVICES DIVISION,

STATE OF CONNECTICUT, JANE DOE(S),

*Defendants.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    Gerald McDonald, *pro se*, Nedrow, NY

FOR DEFENDANTS-APPELLEES                     Vikki Cooper, Deputy
MOLINA & STAMFORD POLICE DEPT:               Corporation Counsel,
                                             Office of the
                                             Corporation Counsel of
                                             the City of Stamford,
                                             Stamford, CT

FOR DEFENDANTS-APPELLEES                      Ivan Ladd-Smith and
JEANNIE CALCANO PEARE,                        Brian E. Spears,
SETH PEARE, GLADYS CALCANO:                   Spears Manning &
                                              Martini LLC, Southport,
                                              CT

Appeal from a judgment entered in the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Gerald McDonald, proceeding pro se, appeals from a May 12, 2022 judgment of the United States District Court for the District of Connecticut (Dooley, J.) dismissing his Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983 and a parallel claim under Connecticut law, and denying

2

leave to amend his complaint. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Dismissal of McDonald's Claims

McDonald argues that the District Court erred in dismissing his malicious prosecution claims against Adriana Molina and Jeannie Calcano Peare ("Peare").[1] According to the complaint, Molina is an officer with the Stamford Police Department, and Peare is McDonald's ex-wife who obtained an order of protection against him. "We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Alix v. McKinsey & Co., Inc., 23 F.4th 196, 202 (2d Cir. 2022). Although we "construe a pro se complaint . . . to raise the strongest arguments it suggests," it must nevertheless "state a plausible

---

[1] McDonald does not argue that the District Court erred in dismissing his claims against the Stamford Police Department, Seth Peare, and Gladys Calcano. Accordingly, McDonald has abandoned his claims as to those Defendants-Appellees, and we affirm the judgment of the District Court as it applies to them. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005).

claim for relief." Darby v. Greenman, 14 F.4th 124, 127–28 (2d Cir. 2021) (quotation marks omitted).

### A. Claims Against Molina

Under both federal and Connecticut law, "[t]he existence of probable cause is a complete defense to a malicious prosecution claim." Cornelio v. Connecticut, 32 F.4th 160, 178–79 (2d Cir. 2022). "An arrest authorized by a judicial warrant," like McDonald's arrest here, "is generally presumed to be supported by probable cause." Mara v. Rilling, 921 F.3d 48, 73 (2d Cir. 2019) (quotation marks omitted). In order to rebut that presumption, "a plaintiff must show (1) that supporting warrant affidavits on their face, fail to demonstrate probable cause; or (2) that [the] defendant[] misled a judicial officer into finding probable cause by knowingly or recklessly including material misstatements in, or omitting material information from, the warrant affidavits." Id. (quotation marks omitted).

McDonald has not overcome the presumption that his arrest was supported by probable cause. He argues that Molina knowingly and recklessly omitted material information from her arrest warrant affidavit by failing to specify how he violated Peare's order of protection against him. But Molina's

4

affidavit adequately described how McDonald violated the order, which prohibited him from "contact[ing] [Peare] in any manner." App'x 26–27. In particular, the affidavit stated that Peare had "reported receiving mail, addressed to her ex-husband," that contained "an invoice for a car rental" and made Peare "anxious and create[d] her concern." App'x 26. The affidavit explained that Molina had contacted the rental agency, which reported that McDonald had "signed an agreement and provided the address" of Peare. Id. McDonald also suggests that Molina misstated his criminal record, but he fails to explain how that might have changed the Magistrate Judge's finding of probable cause. We therefore conclude that the District Court did not err in dismissing his malicious prosecution claims against Molina.

### B. Claims Against Peare

We likewise conclude that the District Court properly dismissed his malicious prosecution claim against Peare under § 1983. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). A private individual like Peare acts "under color of state law" when she is a "willful participant in joint activity with the State or its

5

agents." Betts v. Shearman, 751 F.3d 78, 84 (2d Cir. 2014) (quotation marks omitted). But where "a police officer"—here, Molina—"exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party"—here, Peare—"is not jointly engaged in the officer's conduct so as to render [her] a state actor under Section 1983." Id. at 85 (quotation marks omitted). Even read liberally, McDonald's complaint fails to allege that Molina and Peare acted together or that Molina failed to exercise independent judgment in completing the warrant and arresting McDonald. The District Court therefore did not err in dismissing McDonald's § 1983 claim against Peare.

We agree with the District Court's dismissal of the Connecticut law claim against Peare for a different reason. Under Connecticut law, a plaintiff who brings a malicious prosecution claim against a private individual must show that the individual acted without probable cause. Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009) (citing McHale v. W.B.S. Corp., 187 Conn. 444, 446 (Conn. 1982)); see also Bhatia v. Debek, 287 Conn. 397, 404 (Conn. 2008). But McDonald does not allege any non-conclusory facts from which we might reasonably infer that Peare acted without probable cause in connection with his arrest or prosecution, and he thus fails to state a malicious prosecution claim against her

6

under Connecticut law.  See Sacerdote v. N.Y. Univ., 9 F.4th 95, 107 (2d Cir. 2021).

For these reasons, we conclude that the District Court did not err in dismissing McDonald's malicious prosecution claims against Molina and Peare.

**II.     Leave to Amend**

McDonald also challenges the District Court's denial of his request for leave to amend his complaint.  We review the District Court's denial for abuse of discretion.  See Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018).  "Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile."  Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim."  In re Tribune Co. Fraudulent Conveyance Litig., 10 F.4th 147, 175 (2d Cir. 2021) (quotation marks omitted).  "To determine whether granting leave to amend would be futile, we consider the proposed amendments and the original complaint."  Id.  McDonald never proposed any amendments to the complaint that might have cured its deficiencies.  And our own independent review of the original complaint

7

persuades us that the District Court was right to conclude that amendment would be futile. For these reasons, we conclude that the District Court did not abuse its direction in denying him leave to amend.

We have considered McDonald's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
