23-1284-cv
*Alicea v. Fider*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

MARIA M. ALICEA,

> *Plaintiff-Appellant*,

> v.                                                              23-1284-cv

EVERTON FIDER, WALTER BURKE, MICHAEL PARIS,

> *Defendants-Appellees.**

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Maria M. Alicea, *pro se*, Rocky Hill, CT. |
| FOR DEFENDANT-APPELLEE FIDER: | Clayton J. Quinn, The Quinn Law Firm, LLC, Milford, CT. |
| FOR DEFENDANTS-APPELLEES BURKE AND PARIS: | Kimberly A. Bosse, James N. Tallberg, Karsten & Tallberg, LLC, Rocky Hill, CT. |

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Maria Alicea, proceeding *pro se*, sued Defendants-Appellees Dr. Everton Fider, Walter Burke, and Michael Paris in Connecticut state court on August 30, 2022. The complaint arises from Defendants' alleged interference with Alicea's March 2022 visit to her father at his private nursing home. Officers expelled Alicea and warned her not to return to the home after she tried to remove her father against his conservator's wishes. She claimed that Fider, the nursing-home director, tampered with her other court case and defamed her to the police. Alicea also alleged that Burke, an officer with the Fairfield Police Department, (1) bullied and intimidated her, (2) violated her Fourth Amendment rights by removing her from the nursing home and threatening to arrest her upon return, and (3) filed a false police report. Finally, Alicea claimed that Paris, also a Fairfield Police officer, (1) "[t]ampered with providing records," (2) tampered with her other case on appeal, and (3) violated her Fourth Amendment rights by placing her in an interrogation room.

Burke and Paris removed the case to federal district court and all Defendants moved to dismiss. The district court dismissed the complaint on August 31, 2023. It concluded that—even construing her *pro se* complaint and other filings liberally—Alicea failed to state a claim on which relief could be granted and that leave to amend was not warranted. *See Alicea v. Fider*, No. 3:22-cv-1406, 2023 WL 5647692, at *2-8 (D. Conn. Aug. 31, 2023). Alicea appealed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

2

Alicea's brief fails to challenge any of the district court's grounds for dismissal. It argues that Yale Bridgeport Hospital and Bridgeport Police officers violated her rights during an involuntary hospitalization. *See* Appellant's Br. at 7-11. That incident has no bearing on her claims against Defendants. "[A] pro se litigant abandons an issue by failing to address it in the appellate brief." *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021). "Although *pro se* litigants are afforded some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted).

Even if we were to excuse Alicea's forfeiture, the district court properly dismissed her claims for the reasons it articulated. The district court also did not err in denying Alicea leave to amend because it is "well established that leave to amend a complaint need not be granted when amendment would be futile." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (quotation marks omitted). The district court thus properly dismissed Alicea's claims and denied leave to amend.

\* \* \*

We have considered all of Alicea's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court


3